**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ROTHSCHILD LOCATION TECHNOLOGIES LLC,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**UBER TECHNOLOGIES, INC.,**<br><br>　　　　　　Defendant. | **Civil Action No. 6:15-cv-685**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Rothschild Location Technologies LLC ("Rothschild" or "Plaintiff") files this Complaint for patent infringement against Uber Technologies, Inc. ("Uber" or "Defendant") alleging as follows:

### PARTIES

1.　Plaintiff Rothschild is limited liability company organized under the state of Texas having a principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093.

2.　Upon information and belief, Defendant Uber Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1455 Market St. 4th Fl., San Francisco, CA 94103. Upon information and belief, Uber may be served via its registered agent: National Registered Agents, Inc. 160 Greentree Dr., Ste. 101, Dover, DE 19904.

### JURISDICTION AND VENUE

3.　This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## U.S. PATENT NO. 7,917,285

6. Plaintiff is the owner by assignment of United States Patent No. 7,917,285 (the "'285 Patent") entitled "Device, system and method for remotely entering, storing and sharing addresses for a positional information device." The '285 Patent issued on March 29, 2011. A true and correct copy of the '285 Patent is attached as Exhibit A.

7. Mr. Leigh M. Rothschild is listed as the inventor on the '285 Patent.

8. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '285 Patent complied with such requirements.

## U.S. PATENT NO. 8,606,503

9. Plaintiff is the owner by assignment of United States Patent No. 8,606,503 (the "'503 Patent") entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device." The '503 Patent issued on December 10, 2013. A true and correct copy of the '503 Patent is attached as Exhibit B.

10. Mr. Leigh M. Rothschild is listed as the inventor on the '503 Patent.

11. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '503 Patent complied with such requirements.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,917,285)

1. Uber has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe, the '285 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, systems for remotely entering and sharing location information, such as Uber Partner and Uber for iOS, Windows Phone, and Android ("Uber System").

2. The Uber System falls within the scope of at least claim 1 of the '285 Patent, as evidenced by Uber's product descriptions. For example, Uber System provides a system of remotely entering location information into a positional information device. *See http://www.uber.com/.* The Uber server is configured to receive a request of at least one location, determine the address of at least on location and transmit the determined address to the positional information device. For example, Uber System allows the user to send their address to a driver's mobile phone. *Id.*

3. As a result of Uber's infringement of the '285 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Uber infringing activities are enjoined by this Court.

4. Unless a permanent injunction is issued enjoining Uber and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '285 Patent, Plaintiff will be irreparably harmed.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 8,606,503)

5.     Uber has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe, the '503 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, systems for remotely entering and sharing location information, such as the Uber System. Uber System falls within the scope of at least claim 1 of the '503 Patent, as evidenced by Uber's product descriptions. For example, Uber for iOS, Windows Phone, and Android provide a method of entering location information. *See http://www.uber.com/*.

6.     The Uber System receives a request from a first positional device for at least one address stored in a second positional device, determining the second positional device, retrieving at least one address of the second positional device, and transmitting the one address to the first positional devices. For example, Uber for iOS, Windows Phone, and Android allow the user to request the location of the nearest driver and see their location on a map." *See http://itunes.apple.com/us/app/uber/id368677368?mt=8&_ga=1.138130992.1875028606.1436815083*

7.     As a result of Uber's infringement of the '503 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Uber's infringing activities are enjoined by this Court.

8.     Unless a permanent injunction is issued enjoining Uber and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '503 Patent, Plaintiff will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Uber has infringed the '503 and '285 Patents;

2.	A permanent injunction enjoining Uber and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '503 and '285 Patents, or such other equitable relief the Court determines is warranted;

3.	A judgment and order requiring Uber pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '503 and '285 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4.	Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED July 14, 2015.	Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
ROTHSCHILD LOCATION
TECHNOLOGIES LLC**